UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT HENDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01332-SEB-MJD |
| | ) | |
| CORIZON CORRECTIONAL MEDICAL CORPORATION, | ) ) | |
| GEO GROUP, INC., | ) | |
| KEITH BUTTS, Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Corizon's Unopposed Motion for Summary Judgment on Exhaustion**

**I. Background**

Plaintiff Robert Henderson, Jr. ("Mr. Henderson") is a state prisoner currently confined at the New Castle Correctional Facility ("NCF"). Mr. Henderson filed his complaint on April 27, 2017, alleging in relevant part that Corizon, LLC ("Corizon") has a widespread custom of failing to provide proper care for his serious medical needs, as evidenced by his failure to receive a prescribed surgery over a period of weeks and months. In the Court's screening Entry, it allowed the claim of deliberate indifference to a serious medical need, under the Eighth Amendment, to proceed against Corizon. Other claims are also proceeding against defendants GEO Group, Inc. and Superintendent Butts, but they do not join in the motion for summary judgment.

Defendant Corizon moved for summary judgment seeking resolution of the claim against it on the basis that Mr. Henderson failed to exhaust his available administrative remedies. Mr. Henderson has not opposed the motion for summary judgment.

For the reasons explained in this Entry, Corizon's unopposed motion for summary judgment, dkt. [18], must be **granted.**

## II.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Henderson failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Corizon's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Henderson on or about August 18, 2017. As noted, no response has been filed, and the deadline for doing so has passed.

The consequence of Mr. Henderson's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

# III. Discussion

## A. Undisputed Facts

Accordingly, the following facts, unopposed by Mr. Henderson and supported by admissible evidence, are accepted as true:

As recited in the Court's screening Entry, Mr. Henderson alleges in his complaint that while he was an inmate at Branchville Correctional Facility, Mr. Henderson tore his achilles tendon on November 17, 2016, playing basketball. Dkt. He was seen by medical staff and later by an orthopedic physician. He was scheduled for surgery, but then he was transferred to NCF on December 5, 2016, and his surgery was cancelled. He was seen by another orthopedic physician in Richmond, Indiana, but he wanted to refer Mr. Henderson to another specialist for a second opinion. Months passed with no additional orthopedic evaluation despite Mr. Henderson's requests for health care and surgery having been ordered before his transfer.

The Indiana Department of Correction ("IDOC") had a grievance policy in effect at NCF in 2016 and currently. Dkt. 19-1, ¶¶ 1-6. This policy is titled: "IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process." Dkt. 19-2 (effective April 5, 2015). The intent of the Offender Grievance Process is to provide a mechanism for every offender to express complaints and topics of concern, for the efficient and fair resolution of legitimate offender concerns, and for facility and IDOC management to be better informed and better able to carry out IDOC's mission and goals. Dkt. 19-1, ¶ 7; dkt. 19-2, ¶¶ I-II, VII. Accordingly, all offenders are made aware of the Offender Grievance Process during orientation to the IDOC and the facilities. *Id.* Further, copies of the Offender Grievance Process and its administrative procedures are placed in various locations in IDOC facilities for ready access by the offenders. *Id.*

The Offender Grievance Process consists of three stages. The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and

seeking informal resolution within five business days of the incident prompting the complaint. Dkt. 19-1, ¶ 8; dkt. 19-2, ¶ X.A-B. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist. The formal grievance must be submitted on the appropriate form and meet the standards set forth in the policy. Dkt. 19-1, ¶ 9; dkt. 19-2, ¶ XI.

Once an adequate grievance form is received, the Grievance Specialist logs the grievance into the OGRE system which assigns it a case number and provides a receipt for the grievance to the offender. An offender must file a Level I formal grievance within twenty business days from the day of the event that is the subject of the grievance. The IDOC has fifteen business days to respond to the grievance. Dkt. 19-1, ¶ 10; dkt. 19-2, ¶ XI.C.

If the formal written complaint is not resolved in a manner that satisfies the offender, or if the offender did not receive a response to his or her grievance within twenty working days, the offender may pursue the issue by filing an appeal with the IDOC's Department Offender Grievance Manager (Level II Grievance Appeal) within ten working days from the date of receipt of the grievance response. Dkt. 19-1, ¶ 11; dkt. 19-2, ¶ XII. The Offender Grievance Process is not complete until the offender receives a response to his appeal. Dkt. 19-1, ¶ 12; dkt. 19-2, ¶ XIII.

During the relevant period of time, Mr. Henderson filed one grievance, Grievance No. 95834. Dkt. 19-1, ¶ 13; dkt. 19-3, dkt. 19-4. In a form dated February 22, 2017, Mr. Henderson started the informal grievance process by reporting continued pain in his foot and the need for medical care for his torn Achilles tendon. Dkt. 19-4, at 9. He then proceeded to Level I by filing a grievance dated March 22, 2017, again reporting the torn Achilles tendon and requesting medical care. *Id*. at 8.

On May 10, 2017, the Level I response advised Mr. Henderson that he would be scheduled with medical for evaluation. *Id*. at 4. He signed off on that response on May 14, 2017. *Id*. He then appealed to Level II on May 25, 2017. *Id*. at 3, 4. The Level II response advised Mr. Henderson that his grievance was founded on June 22, 2017. He signed the Level II response on June 26, 2017. *Id*. at 2.

**B.     Analysis**

As noted, Mr. Henderson filed this action on April 27, 2017.[1] The undisputed facts demonstrate that Mr. Henderson started but did not complete the grievance process before filing this action. Given his failure to respond to the motion for summary judgment, Mr. Henderson has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by Corizon. The facts shown by Corizon are that: 1) NCF had an administrative remedy process in place; and 2) Mr. Henderson completed the remedy process in June 2017. Corizon has met its burden of showing that Mr. Henderson did not *complete* the grievance process before he filed this lawsuit. *See* 28 U.S.C. § 1997e(a); *Porter,* 534 U.S. at 524 (prisoners must exhaust grievance procedures before they can file their suit); *Ford,* 362 F.3d at 398 ("[The plaintiff's] real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . [i]t is essential to keep the courthouse doors closed until those efforts have run their course.") (internal citations omitted).

The consequence of Mr. Henderson's failure to timely exhaust his administrative remedies before filing this action, in light of 42 U.S.C. § 1997e(a), is that the claim against

---

[1] The complaint was signed on March 30, 2017, but the complaint does not allege on what day Mr. Henderson placed the complaint in the prison mail system, so the filing date is deemed April 27, 2017, for purposes of this motion.

Corizon must be dismissed without prejudice. *See Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the unopposed motion for summary judgment filed by Corizon, dkt. [18], is **granted.** No partial final judgment shall issue at this time. The clerk shall **terminate Corizon Correctional Medical Corporation** as a defendant on the docket.

A pretrial schedule directing the further development of the claims against GEO Group, Inc. and Superintendent Butts shall issue in a separate Entry.

**IT IS SO ORDERED.**

Date: _____11/30/2017_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT HENDERSON, JR.
261097
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically registered counsel

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**