UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HENDERSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01332-SEB-MJD |
| GEO GROUP, INC., SUPERINTENDENT, | ) ) ) ) |
| Defendants. | ) |

**Order Granting Defendants' Unopposed Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Robert Henderson, Jr. brought this civil rights actions pursuant to 42 U.S.C. § 1983 against defendants The GEO Group, Inc. ("GEO") and Keith Butts, Superintendent of New Castle Correctional Facility ("NCCF"), based on the allegation that there has been deliberate indifference to his serious medical needs and that there is a widespread custom and practice of failing to provide appropriate medical care for the serious medical needs of inmates at NCCF. His claims against Corizon, LLC were dismissed because he failed to timely exhaust his administrative remedies before filing this action. Dkt. 22. What remain in this action are his claims against GEO and Superintendent Butts. Presently pending before the Court is defendants' motion for summary judgment. Mr. Henderson has not opposed the motion for summary judgment. For the reasons explained below, the motion for summary judgment, dkt. [26], is **granted**.

## I. Summary Judgment Legal Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Mr. Henderson failed to respond to the defendants' motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Henderson has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Because Mr. Henderson failed to respond to the defendants' motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Mr. Henderson's complaint as evidence opposing the motion for summary judgment. Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Henderson are not exempt from procedural rules.

*See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Factual Background

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Henderson as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to this action, Mr. Henderson was an inmate at NCCF. The NCCF has been operated and managed by GEO pursuant to a Contract for Services between it and the Indiana Department of Correction ("IDOC") since 2005. *See* dkt. 28-1 at ¶ 8; dkt. 28-2. Superintendent Butts is an employee of GEO. Dkt. 28-1 at ¶ 3.

GEO has no responsibility to provide medical services at the facility. Dkt. 28-2 at 2, ¶ 1(h). Pursuant to the Contract for Services between the IDOC and GEO, GEO is not only contractually prohibited from providing health care and medical services to inmates, it does not in any manner engage in the direction or decision-making related to health care and medical services for inmates.

*Id.*; dkt. 28-1 at ¶¶ 9-10. Corizon served as the service provider for all medical and health care needs for inmates housed in the NCCF for the relevant time period.[1] Dkt. 28-1 at ¶ 10.

### III. Discussion

The defendants move for summary judgment on Mr. Henderson's claims, asserting that they had no duty, contractual or otherwise, to provide health care and medical services to inmates at NCCF, including Mr. Henderson, and absent a duty, there can be no breach of duty. Dkt. 27 at 4-5. The defendants also assert that the non-medical correctional facility staff were justified in believing that Mr. Henderson was under the care of medical staff. *Id.* at 5. Mr. Henderson did not respond to defendants' motion for summary judgment, and the time to do so has passed.

At all times relevant to Mr. Henderson's claim, he was a convicted inmate. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel.*

---

[1] Wexford of Indiana LLC took over the provision of medical services at IDOC facilities from Corizon on April 1, 2017.

4

*Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). A successful § 1983 plaintiff must also establish not only that a state actor violated his constitutional rights, but that the violation caused the plaintiff injury or damages. *Roe v. Elyea*, 631 F.3d 843, 846 (7th Cir. 2011) (citation omitted).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)).

### A. Superintendent Keith Butts

Although not raised by the defendants, Mr. Henderson has failed to present any evidence showing that he suffered from an objectively serious medical need. Thus, summary judgment in defendants' favor is appropriate on this ground.

Even if Mr. Henderson could demonstrate an objectively serious medical need, he has failed to show that Superintendent Butts "knew about [Henderson]'s condition and the substantial risk of harm it posed." *Farmer*, 511 U.S. at 834.

Moreover, the Seventh Circuit has held that "'[i]f a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one." *Id.*; *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (prison officials are "entitled to defer to the judgment of jail health

5

professionals so long as they did not ignore the prisoner.") (internal quotation and brackets omitted).

Mr. Henderson fails to present any evidence to overcome the presumption that Superintendent Butts was entitled to defer to the professional judgment of the facility's Corizon and/or Wexford medical officials. Accordingly, summary judgment in Superintendent Butts' favor is appropriate.

**B.    GEO**

GEO is "treated the same as a municipality for liability purposes under § 1983." *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (holding that a corporation that contracted with a jail to provide health services is "treated the same as municipalities for liability purposes in a § 1983 action"); *Fromer v. Corizon, Inc.*, 54 F. Supp. 3d 1012, 1027 (S.D. Ind. 2014). "It is well-established that there is no *respondeat superior* liability under § 1983." *Fromer*, 54 F. Supp. 3d at 1028 (quoting *Jackson v. Illinois Medi–Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002)). "A 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Id.* Thus, to maintain his § 1983 action against GEO, Mr. Henderson "must demonstrate that a constitutional deprivation occurred as a result of an express policy or custom" of GEO. *See id.* (quotation omitted). Mr. Henderson is required to show that a GEO policy was the "direct cause" of or "moving force" behind his constitutional injury. *Pyles v. Fahim*, 771 F.3d 403, 409-10 (7th Cir. 2014). To do so, he must introduce evidence that establishes a plausible inference that GEO "maintain[ed] a policy that sanction[ed] the maintenance of prison conditions that infring[ed] upon the constitutional rights of the prisoners." *Woodward v. Corr. Med. Servs.*, 368 F.3d 917, 927 (7th Cir. 2004).

6

"If a plaintiff cannot identify any formal policy that is unconstitutional, the plaintiff may show deliberate indifference through a 'series of bad acts' creating an inference that municipal officials were aware of and condoned the misconduct of their employees." *Fromer*, 54 F. Supp. 3d at 1028. A plaintiff cannot rely on the circumstances surrounding his own medical treatment to establish the existence of a policy or practice. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597 (7th Cir. 2003) (holding that "a showing of isolated incidents does not create a genuine issue as to whether defendants have a general policy or a widespread practice of an unconstitutional nature"). Occasional delays or isolated instances of neglect "taken alone or collectively cannot support a finding of deliberate indifference. A finding that a defendant's neglect of a prisoner's condition was an 'isolated occurrence,' … or an 'isolated exception' … to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *see also Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000) (holding that isolated incidents of delay cannot be construed as deliberate indifference). For example, deliberate indifference can be demonstrated by showing that a governmental entity (or corporation acting as a governmental entity) had "such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Wellman v. Faulkner,* 715 F.2d 269, 272 (7th Cir. 1983).

Mr. Henderson has failed to present any evidence showing that GEO had a policy or practice of failing to provide appropriate medical care for the serious medical needs of inmates at NCCF. Therefore, no Eighth Amendment claim is viable against GEO and summary judgment for GEO on Mr. Henderson's Eighth Amendment claim is appropriate. *See Glisson v. Indiana Department of Corrections*, 849 F.3d 372, 378-79 (7th Cir. 2017).

## IV. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained," and in such cases, summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983).

Mr. Henderson has not identified a genuine issue of material fact as to his claims in this case and the defendants are entitled to judgment as a matter of law. Therefore, defendants' motion for summary judgment, dkt. [26], is **granted.**

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/29/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT HENDERSON, JR.
261097
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

8